IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christopher Nowlin, ) | Civil Action No.: 4:16-cv-00371-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Terminix Services, Inc., John Stroman, ) | |
| and Larry Parker, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on a Motion for an Award of Costs filed by Defendants Terminix Service, Inc., John Stroman, and Larry Parker ("Defendants"). [ECF #60]. Plaintiff Christopher Nowlin ("Plaintiff") filed the above-caption suit against Defendants, alleging violations of racial harassment and discrimination, retaliation in the workplace and wrongful termination, as well as several related state law claims. On March 28, 2018, this Court granted summary judgment in favor of Defendants on their federal claims and dismissed their state law claims without prejudice. [ECF #58]. The Clerk accordingly entered judgment for Defendants that same day. Defendants filed their Bill of Costs on April 3, 2018 requesting costs totaling $2,233.00. Plaintiff filed numerous objections to the Bill of Costs. Defendants responded to the objections with an amended Bill of Costs, to which Plaintiff filed additional objections.

**Discussion**

Defendants' Bill of Costs includes fees for printed or electronically recorded transcripts that were obtained for use in the case. [ECF #60-1, p. 2]. In his objections, Plaintiff objects to the Defendants' Bill of Costs in its entirety. [ECF #62; ECF #63]. Plaintiff specifically objects to "a hearing transcript" that Plaintiff alleges was not presented to the Court, and thus argues Defendants

are not entitled to the cost of $354.00 associated with that transcript. It appears that Plaintiff is referring to a bill received on June 30, 2016 from Creel Court Reporting, Inc. for an employment hearing held in this matter. In response, Defendants filed an Amended Motion, withdrawing their request for the costs associated with that hearing transcript. [ECF #65]. In the Amended Motion, Defendants now seek $1,879.00, with this total amount representing the costs associated with fees for printed or electronically recorded transcripts. In response, Plaintiff again renewed his objection that the requests for costs be denied because he states that he presented viable causes of action against the Defendants. Specifically, Plaintiff argues that he presented evidence of fault and misconduct on the part of Defendants with respect to allegations of forgery and termination. [ECF #67].

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id*. (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). The expenses which may be taxed are listed in 28 U.S.C. § 1920 and Local Civil Rule 54.03. The District of South Carolina Local Rule 54.03 provides that a bill of costs may include "all items set forth in the relevant statutes and rules and is subject to final approval by the court." Plaintiff has not pointed to any federal statute or rule that does not allow Defendants to recover the costs for the transcripts in this case.

Further, 28 U.S.C. § 1920(2) permits a court to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and 28 U.S.C. § 1920(4) permits "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

The transcript invoices do not appear to distinguish between the original and the copy as they list a single charge for "original and one copy" of a transcript or include a copy in the price listed for the transcript. Further, Plaintiff cites to no authority for the proposition that the Court should carve out an amount it believes represents the charge for the copy versus the original transcript. Additionally, the copies referenced by Plaintiff would have been necessarily obtained for use in the case had this case gone to trial. Original deposition transcripts typically remains sealed until trial, meaning that a copy would typically be the only means by which a party could review a deposition transcript. The Court will therefore allow the costs for these transcripts in the total amount requested, as it finds that the transcripts were necessarily obtained for use in this case.

## Conclusion

For the reasons stated above, Defendants are awarded costs in the amount of **$1879.00**, which represents the fees for printed or electronically recorded transcripts needed for use in this case. These costs shall be included in the judgment of this Court.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Court Judge

May 4, 2018
Florence, South Carolina